IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

MARCOS GONZÁLEZ-REYES,

        Plaintiff

        v.

UNITED STATES OF AMERICA,

        Defendant

CIVIL NO. 09-1265 (JP)

## OPINION AND ORDER

Before the Court is a motion (No. 1) filed by Plaintiff Marcos González-Reyes ("González") wherein he claims indigence and requests leave to proceed *in forma pauperis* under 28 U.S.C. Section 1915(a). The motion to proceed *in forma pauperis* was filed on the same date as the instant complaint (No. 2). When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. Section 1915(a), a court may dismiss the plaintiff's case at any time if satisfied that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e). For the reasons stated herein, Plaintiff's motion to proceed *in forma pauperis* is hereby **DENIED** and Plaintiff's complaint is **DISMISSED**.

By way of background, Plaintiff González pled guilty in 1999 to a charge of conspiracy to defraud the government with respect to claims pursuant to 18 U.S.C. Section 286. See Civil No. 99-28 (HL).

CIVIL NO. 09-1265 (JP)          -2-

On June 11, 1999, Plaintiff was sentenced to imprisonment for four months, supervised release for two years, and a fine of $100.00. Plaintiff's supervised release expired on January 11, 2002. Defendant seeks to expunge the record in this case because said indictment now affects his life in negative ways.  Specifically, Plaintiff claims that his criminal record affects his ability be hired for employment.

Since 2001, Plaintiff González has been self-employed in the general construction industry.  Between 2001 and 2004, he was employed in pharmaceutical contracts in Puerto Rico.  In 2004, after losing his contracts due to a change in the pharmaceutical companies' procedures, he moved with his family to Indiana and tried to obtain a job as a civil engineer.  He received two interviews with Purdue University and the Department of Transportation of Indiana, but claims that his criminal background prevented him from being hired by either of these entities.  After a three year period of difficulty in finding work in the engineering field, Plaintiff moved back to Puerto Rico and has been self-employed.  He is currently unemployed and seeking a new position in any federal or state agency.

While the Court applauds Plaintiff González's efforts to secure employment, the Court lacks jurisdiction to carry out the expungement of Plaintiff's criminal record.  See United States v. Cosme-Rivera, 556 F. Supp. 2d 66, 67 (D.P.R. 2008) (Pieras, J.).  The word

CIVIL NO. 09-1265 (JP)          -3-

"expunge" generally refers to the physical destruction of information.  United States v. Coloian, 480 F.3d 47, 52 (1st Cir. 2007) (citing Dubnoff v. Goldstein, 385 F.2d 717, 724 (2d Cir. 1967)).  With respect to criminal records, expunction refers to the process of sealing or destroying the record of a criminal conviction after expiration of a certain time.  Id. (citing United States v. Johnson, 941 F.2d 1102, 1111 (10th Cir. 1991)).  Congress has specifically provided for expungement or related remedies in narrowly defined circumstances.  See, e.g., 5 U.S.C. §§ 552a(d),(g)(1)(C) (allowing claims to amend public records that are inaccurate); 10 U.S.C. § 1565(e) (mandating expungement of DNA records when military conviction is overturned); 18 U.S.C. § 3607(c) (allowing for expungement of criminal records in certain drug possession cases); 21 U.S.C. § 844a(j) (allowing for expungement of civil penalty records in certain drug possession cases); 42 U.S.C. § 14132(d) (allowing for expungement of DNA records held by the FBI in certain cases where a conviction is overturned).  Also, federal courts have upheld the expungement of criminal records as a remedy for arrests or prosecutions that violate federal statutes or the constitution.  See Coloian, 480 F.3d at 52.  Plaintiff does not seek expungement under any of these statutes, nor does he seek expungement as a remedy for the violation of his statutory or constitutional rights.

CIVIL NO. 09-1265 (JP)          -4-

Additionally, in a similar case to the one at hand involving an individual who was acquitted of all charges, the United States Court of Appeals for the First Circuit held that courts lack ancillary jurisdiction over orders to expunge criminal records based solely on equitable grounds.[1]  Coloian, 480 F.3d at 52.  In support of its ruling, the First Circuit looked to the United States Supreme Court case of Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), in which the Supreme Court unanimously held that a district court lacked subject matter jurisdiction to enforce a settlement agreement it had approved where its accompanying order of dismissal did not reserve jurisdiction.  Id. at 378.  In so holding, the Supreme Court began by reiterating that "[f]ederal courts are courts of limited jurisdiction.  They possess only that power authorized by Constitution and statute, which is not to be expanded

---

1.    "Equitable grounds" means grounds that rely only on notions of fairness and are entirely divorced from legal considerations. Coloian, 480 F.3d at n.6.  Other circuit courts have also emphasized this distinction. See, e.g., United States v. Meyer, 439 F.3d 855, 860-62 (8th Cir. 2006) (holding that "a district court does not have subject matter jurisdiction over a motion to expunge that is based solely on equitable considerations," but that it "may have ancillary jurisdiction to [expunge] in extraordinary cases to preserve its ability to function successfully by enabling it to correct an injustice caused by an illegal or invalid criminal proceeding"); United States v. Dunegan, 251 F.3d 477, 480 (3d Cir. 2001) (holding that a district court did not have jurisdiction over a motion to expunge criminal records based on equitable grounds, but declining to decide "whether a record may be expunged on the basis of Constitutional or statutory infirmity in the underlying criminal proceedings or on the basis of an unlawful arrest or conviction"); United States v. Sumner, 226 F.3d 1005, 1014-15 (9th Cir. 2000) (holding that expungement of a criminal record "solely on equitable grounds, such as to reward a defendant's rehabilitation and commendable post-conviction conduct" did not serve the purposes of ancillary jurisdiction as articulated in Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), and that "a district court's ancillary jurisdiction is limited to expunging the record of an unlawful arrest or conviction, or to correcting a clerical error").

CIVIL NO. 09-1265 (JP)            -5-

by judicial decree." Id. at 377 (citations omitted).  The Supreme Court went on to state that federal courts' ancillary jurisdiction serves two purposes:  "(1) to permit disposition by a single court of claims that are, in varying respects and degrees, factually interdependent; and (2) to enable a court to function successfully, that is, to manage its proceedings, vindicate its authority, and effectuate its decrees." Id. at 379-80 (citations omitted).  The First Circuit, applying these parameters, held that a request for the expungement of a defendant's criminal record, based solely on equitable grounds, serves neither of these purposes.  Coloian, 480 F.3d at 52.  The Court further notes that, in the instant action, rather than seeking relief in his original case, Plaintiff filed a new complaint which was assigned to a different Judge than the one who presided over Plaintiff's criminal case.

In the case at hand, Plaintiff González is clearly requesting that his criminal record be expunged for equitable reasons, namely, the continued hardship he faces as a result of not being hired for employment because of his criminal record.  Plaintiff does not argue that this presents an extraordinary case, especially given these difficult economic times. Further, Plaintiff González does not claim that he was unlawfully arrested or convicted, or that there exists a clerical error in the record.  Accordingly, the Court lacks jurisdiction and Plaintiff's motion to proceed *in forma pauperis*

CIVIL NO. 09-1265 (JP)          -6-

must be denied.  Finding that Plaintiff's complaint fails to state a claim upon which relief may be granted, the Court will enter a separate judgment dismissing Plaintiff's complaint accordingly.

     **IT IS SO ORDERED.**

     In San Juan, Puerto Rico, this 27th day of March, 2009.


                            s/Jaime Pieras, Jr.
                                JAIME PIERAS, JR.
                    U.S. SENIOR DISTRICT JUDGE